### UNITED STATES of America

v.

### Leroy RAGIN, Mary Springs Ragin, Leola Ragin Marsh.

### Nos. C–CR–90–25–01, C–CR–90–25–02 and C–CR–90–25–04.

United States District Court,
W.D. North Carolina,
Charlotte Division.

June 11, 1990.

---

David A. Graham, Asst. U.S. Atty., Asheville, N.C., for plaintiff.

James H. Carson, Jr., Charlotte, N.C., for Leroy Ragin.

Eben T. Rawls, Charlotte, N.C., for Mary Springs Ragin.

Kenneth P. Andresen, Charlotte, N.C., for Leola Ragin Marsh.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on motions to sever filed by Defendant Leola Marsh on May 30, 1990 and Defendant Mary Springs Ragin on June 7, 1990. Additionally, Defendant Leroy Ragin filed on June 4, 1990 a motion to quash the subpoena of his attorney, Mr. James H. Carson.

The Government filed a response to Defendant Leola Ragin Marsh's motion on June 1, 1990. The Court conducted a hearing on June 7, 1990 to consider arguments on these motions. Both of the motions to sever were denied from the bench, and the motion to quash the subpoena of Mr. Carson was granted from the bench. The Court has entered this order to clarify the rationale behind its oral rulings of June 7, 1990.

### A. *Defendant Leola Marsh's Motion to Sever.*

Rule 14 of the Federal Rules of Criminal Procedure is applicable to motions to sever. That rule provides in pertinent part:

If it appears that a defendant or the government is prejudiced by joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires ...

 The decision to grant a severance based upon prejudicial joinder rests with the trial court. *See* 8 *Moore's Federal Practice*, § 14.02[1] at 14–4 (Matthew Bender 1990) (hereinafter *"Moore's"*). The trial court's denial of a motion to sever is "virtually unreviewable" unless a clear showing of abuse of discretion is made. *Id.; United States v. Goldman,* 750 F.2d 1221 (4th Cir.1984). In determining whether to grant a Rule 14 motion, the court must balance potential prejudice of the defendants against judicial economic interests. *United States v. Stratton,* 649 F.2d 1066 (5th Cir.1981). The defendant undertakes a "considerable burden" in attempting to show the trial judge abused his discretion in denying a motion to sever. *Moore's* at 14–5.

In support of Defendant Leola Ragin Marsh's motion to sever, she claims that a severance is appropriate on two grounds. First, Defendant Leola Marsh has subpoenaed the defense counsel for Defendant Leroy Ragin. Second, Defendant Leola Marsh claims that there is a substantial likelihood that Defendant Leroy Ragin would testify on her behalf and provide exculpatory testimony if these Defendants were severed. The Court will address each of the arguments below.

1. The subpoena of defense counsel for Leroy Ragin.

 At the hearing of this matter, defense counsel for Defendant Leola Marsh filed a Proffer of Testimony that he asserted would summarize the testimony of Mr. Carson, defense counsel for Defendant Leroy Ragin, if allowed to testify. After reviewing the proffer, the Government stated that it would not object to this proffer being read to the jury during the trial of this matter. However, defense counsel for Leola Marsh objected to the proffer of the testimony replacing the live testimony of Mr. Carson. Defense counsel for Leola Marsh asserted that she has a constitutional right for Mr. Carson to testify at her trial, and that this right requires her case to be severed from that of Defendant Leroy Ragin.

At the hearing, the Court denied the motion to sever on this ground. The Court agrees with the Government that Defendant Leola Marsh has subpoenaed Mr. Carson merely for the purpose of providing character testimony. At the hearing, defense counsel for Defendant Leola Marsh stated that Mr. Carson would provide testimony that would tend to demonstrate that Defendant Leola Marsh conducted herself during the time period that Mr. Carson represented her in a business-like manner. Moreover, Mr. Carson would testify that during his representation of Defendant Leola Marsh that he did not discover any connection to Defendant Leroy Ragin.

It does not appear to the Court based on the information provided at the hearing that Mr. Carson would be able to provide any testimony regarding the events alleged in the bill of indictment. The proffer of testimony indicates Mr. Carson represented Defendant Leola Marsh in a contract dispute. The proffer, however, does not indicate whether Mr. Carson was aware that Defendant Leola Marsh made false state-

ments to federal agents regarding the ownership of Leola's Plaza as alleged in the indictment. Therefore, the Court does not believe Mr. Carson's testimony would be material to the primary issues in this case.

The Court does not believe Defendant Leola Marsh has provided an adequate basis to justify the expense and inconvenience of severing this matter based on Mr. Carson's testimony. Defendant Leola Marsh has failed to cite any legal authority to support the proposition that a case must be severed when a defendant subpoenas an attorney as a character witness who is representing a co-defendant. The Court believes that the attempt by Defendant Leola Marsh to subpoena Mr. Carson is an attempt to delay the trial of this matter. Because the Court is unaware of any legal support for the motion, the Court will deny the motion to sever on the basis of the subpoena of Mr. Carson.

Accordingly, the Court will grant the motion to quash the subpoena filed by Mr. Carson.

### 2. Possible Exculpatory Testimony From Leroy Ragin.

Defendant Leola Marsh contends that Defendant Leroy Ragin will testify on her behalf if these cases are severed. In support of that contention, Defendant Leola Marsh has attached a copy of a Defendant Leroy Ragin's deposition from a related civil forfeiture proceeding. According to Defendant Leola Marsh, the deposition demonstrates that Defendant Leroy Marsh is eager to waive his Fifth Amendment right against self-incrimination, but is constrained to do so because his case remains joined for trial with that of Defendant Leola Marsh.

■ Motions for severance on the ground of absence of a codefendant's testimony are usually denied. *See Moore's* at 14–40; *see also Hoelker,* 765 F.2d at 1425. The Motion must be accompanied by more than a bare, unsupported contention that a separate trial would provide exculpatory testimony. The Fourth Circuit has enunciated the following standard for determining whether severance should be granted.

Where the motion for severance is based, as here, on the asserted need for a codefendant's testimony, the moving defendant must establish (1) a bona fide need for the testimony of his co-defendant, (2) the likelihood that the co-defendant would testify at a second trial and waive his Fifth Amendment privilege, (3) the substance of his co-defendant's testimony, and (4) the exculpatory nature and effect of such testimony. Given such a showing, the court should (1) examine the significance of the testimony in relation to the defendant's theory of defense; (2) assess the extent of prejudice caused by the absence of the testimony; (3) pay close attention to judicial administration and economy; (4) give weight to the timeliness of the motion, and (5) consider the likelihood that the codefendant's testimony could be impeached.

*United States v. Parodi,* 703 F.2d 768, 779 (4th Cir.1983) (citations omitted). In applying the factors in the *Parodi* case, the Fourth Circuit held that the trial court correctly denied the defendant's motion to sever. *Id.* at 780.

■ Likewise, in this case, the Court believes a fair application of the *Parodi* factors weighs against granting Defendant Leola Marsh's motion. When the Court inquired as to what Defendant Leroy Ragin would testify, counsel indicated that Defendant Leroy Marsh would state that Defendant Leola Marsh was unaware of his money laundering activities. *See Hoelker,* 765 F.2d at 1425 (denying motion to sever where co-defendant's testimony would be cumulative).

The Court's analysis of the *Parodi* factors leads it to conclude that Defendant Leola Marsh has failed to carry the substantial burden imposed upon her under Rule 14.

As to the first *Parodi* factor, the Court does not believe that Defendant Leola Marsh has demonstrated to what Defendant Leroy Ragin would testify. The deposition is vague at best regarding Defendant Leola Marsh's participation in the money laundering activities. The only possible ex-

culpatory testimony is that Defendant Leroy Ragin responded to a question by stating, "Yeah, I don't know if she (Defendant Leola Marsh) does anything illegal. I don't know what she does". *See Deposition of Leroy Reagan (sic.),* May 29, 1990, at 8–9 (hereinafter "Ragin dep."). With such a vague statement, the Court cannot conclude that Defendant Leola Marsh has a bona fide need for the testimony.

As to the second factor, the Court believes it is unlikely that Defendant Leroy Ragin would testify at a second trial and waive his Fifth Amendment privilege. Defendant Leola Marsh relies on the following response to the question of whether Defendant Leroy Ragin would take the stand. "I refuse to answer *at this time* on the grounds that it may tend to incriminate me." *See Ragin dep.* at 9. The Court cannot conclude that this brief statement satisfies the second factor in the *Parodi* test.

As indicated in the discussion involving the first factor, the Court does not believe Defendant Leola Marsh has shown to what Defendant Leroy Marsh would testify. Accordingly, the Court does not believe she has met the third factor in the *Parodi* test regarding the substance of the codefendant's testimony.

Finally, while Defendant Leroy Marsh's testimony may be of an exculpatory nature, the Court is not convinced that the fourth prong of the test has been met. As indicated above, the Court does not believe Defendant Leola Marsh has demonstrated what the substance of the testimony might be. Without a more detailed showing of the nature of the testimony, the Court cannot conclude that the effect of the testimony would be of such an exculpatory nature to justify the expense and inconvenience of a second trial.

In summary, the Court does not believe that Defendant Leola Marsh has made an adequate showing to meet the four prong test of *Parodi.* The Court has weighed the need for the testimony with the considerations cited by *Parodi.* In particular, the Court believes that:

(1) The testimony is not significant;

(2) The prejudice caused by the absence of the testimony will not be extensive;

(3) The judicial administration and economy of trying these cases together is greater than the need for a severance;

(4) The timeliness of the motion, filed only one week before the scheduled commencement of the trial, weighs against severance, and leads the Court to conclude that the motion may have been filed for purposes of delay; and

(5) The testimony of Defendant Leroy Ragin would be impeached.

Therefore, the Court believes that the motion for severance is not meritorious, and should be denied.

### B. *Defendant Mary Springs Ragin's Motion to Sever.*

Several minutes before the hearing of Defendant Leola Marsh's severance motion, counsel for Defendant Mary Springs Ragin also filed a motion to sever. The Court considered arguments on that motion at the hearing, and denied the motion from the bench. The Court believed the motion should be denied on procedural grounds, and on the merits of the motion. A discussion of those grounds follows.

### 1. Denial of the Motion on Procedural Grounds.

■ Rule 12(b)(5) of the Federal Rules of Criminal Procedure requires that motions to sever under Rule 14 be made prior to trial. Rule 12(c) allows the court to set a deadline for the filing of pretrial motions. Rule 12(f) provides that a failure of a party to raise defenses or objections which must be made prior to trial, at the time set by the court pursuant to Rule 12(c), or prior to any extension made by the court, shall constitute waiver, but the court for cause shown may grant relief from the waiver.

If the facts and circumstances which form the basis of the Rule 14 motion are available to the defendant prior to trial, the motion should be made at that time. *See Moore's* at 14–7. Failure to make the motion in a timely manner may constitute a waiver pursuant to Rule 12(f). *See United States v. Harris,* 761 F.2d 394, 400 (7th

Cir.1985) (noting that under Rule 12(b)(5), a motion to sever is subject to denial as untimely if not made before trial); *United States v. Perez,* 648 F.2d 219, 223 (5th Cir. Unit B 1981) (stating that motion to sever made at close of government's case was untimely, and trial court properly denied motion). Motions to sever that are not made prior to the Rule 12(c) pretrial motion deadline are untimely and are subject to waiver absent a sufficient showing of cause for the late filing. *See United States v. Casamayor,* 837 F.2d 1509, 1512 (11th Cir.1988) (motion to sever filed on "eve of trial" was untimely), *cert. denied sub nom., Barker v. United States,* 488 U.S. 1017, 109 S.Ct. 813, 102 L.Ed.2d 803 (1989); *United States v. Hoelker,* 765 F.2d 1422, 1425 (9th Cir.1985) (finding that motion to sever that was not made until *day before scheduled trial date and two months after date for filing pretrial motion* was untimely), *cert. denied,* 475 U.S. 1024, 106 S.Ct. 1219, 89 L.Ed.2d 330 (1986); *see also United States v. Butler,* 611 F.2d 1066, 1071 (5th Cir.1980).

In this case, United States Magistrate Paul B. Taylor entered an arraignment order on May 18, 1990. That Order stated:

4. All pretrial motions must be in writing and must be filed within fifteen (15) days from the date of this Arraignment Order. *Motions not timely filed will be summarily denied.* (emphasis added).

The record in this case indicates no extensions for the filing of pretrial motions were granted.

The Court believes Defendant Mary Springs Ragin's motion to sever is untimely because it was not filed before the pretrial motion deadline of June 1, 1990. Moreover, the Court does not believe Defendant Mary Springs Ragin has shown cause why relief should be granted from the waiver. The Motion is silent concerning why it was filed two business days before trial. Therefore, the Court believes the motion should be denied pursuant to Rule 12(f).

2. *Denial of the Motion on the Merits.*

■ Defendant Mary Springs Ragin claims that Defendant Leroy Ragin told her counsel on June 7, 1990 that he forged her name on several checks and that she did not have any knowledge of the money laundering activities. Moreover, Defendant Mary Springs Ragin asserts that Defendant Leroy Ragin would be willing to testify on her behalf if the cases are severed.

Based on the same rationale as cited above, the Court does not believe Defendant Mary Springs Ragin has met the *Parodi* test for severance motions. Although Defendant Leroy Ragin did indicate to defense counsel for Mary Springs Ragin that he might testify on her behalf, defense counsel for Leroy Ragin informed the Court that he had not had an opportunity to review that decision with Defendant Leroy Ragin. The Court believes that once Mr. Carson had an opportunity to discuss with his client the numerous disadvantages that would result with testifying even in the cases are severed, that Defendant Leroy Ragin would change his mind. The Court simply does not believe that one unsubstantiated claim by a codefendant meets the *Parodi* test. Accordingly, for the same reasons cited above, the Court will deny Defendant Mary Springs Ragin's motion to sever.

NOW, THEREFORE, IT IS ORDERED that:

(1) Defendant Leola Marsh's motion to sever be, and hereby is, DENIED;

(2) Defendant Mary Springs Ragin's motion to sever be, and hereby is, DENIED;

(3) Defendant Leroy Ragin's motion to quash the subpoena of his attorney, Mr. James Carson be, and hereby is, GRANTED.